**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| JAMES E. NOTTINGHAM, | |
|---|---|
| Petitioner, | CIVIL ACTION NO. 4:18-CV-02002 |
| v. | (BRANN, J.) |
| RICHARD A. GRAY, et. al., | (MEHALCHICK, M.J.) |
| Respondents. | |
| JAMES E. NOTTINGHAM, | |
| Plaintiff, | CIVIL ACTION NO. 4:18-CV-02003 |
| v. | (BRANN, J.) |
| NANCY BUTTS, et. al., | (MEHALCHICK, M.J.) |
| Defendants. | |

## MEMORANDUM

**I.   BACKGROUND AND PROCEDURAL HISTORY**

On October 16, 2018, James E. Nottingham ("Nottingham") filed two causes of action which involve a common question of law or fact. First, he filed the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Nottingham v. Gray, et. al.*, No. 4:18-CV-02002 (M.D. Pa. *filed* Oct. 16, 2018). He then filed the above captioned complaint alleging civil rights violations under 42 U.S.C. § 1983.[1] *Nottingham v. Butts, et. al.,* No. 4:18-CV-02003 (M.D. Pa. *filed* Oct. 16, 2018). Nottingham was confined at the State Correctional Institution

---

[1] Nottingham was granted leave to proceed *in forma pauperis* in both actions. *Nottingham v. Gray, et. al.*, No. 4:18-CV-02002 (Doc. 38); *Nottingham v. Butts, et. al.,* No. 4:18-CV-02003 (Doc. 13).

at Camp Hill ("SCI – Camp Hill") at the time of both filings. *Nottingham v. Gray, et. al.*, No. 4:18-CV-02002 (Doc. 1); *Nottingham v. Butts, et. al.,* No. 4:18-CV-02003 (Doc. 13).

On March 13, 2019, the Court determined that Nottingham's statement for relief contained within his civil rights action was inadequate, as it sought to enjoin the proceedings against him and have him released from custody, a request which generally "falls under the habeas corpus umbrella." The Court granted Nottingham thirty days to amend his complaint to sufficiently allege a § 1983 claim.[2] *Nottingham v. Butts, et. al.,* No. 4:18-CV-02003 (Doc. 14, at 14-18); (Doc. 20).

On June 28, 2019, Nottingham filed his amended complaint. *Nottingham v. Butts, et. al.,* No. 4:18-CV-02003 (Doc. 28). The underlying facts of the amended complaint stem from the same incident which underlies Nottingham's habeas corpus petition. According to the Affidavit of Probable Cause attached to Nottingham's amended complaint, police responded to a 911 call at Nottingham's residence on July 13, 2015, and found Nottingham walking down his driveway. Police proceeded to his residence, where they found Nottingham's girlfriend, his girlfriend's daughter, and his girlfriend's two cousins. These witnesses stated that Nottingham returned from the bar intoxicated and became involved in an argument with his girlfriend. After shoving his girlfriend and punching her cousin in the head, Nottingham allegedly grabbed a nearby rifle and shot it into the floor and into the wall near to where his girlfriend was located. Police proceeded to place Nottingham under arrest and acquired a

---

[2] The Court also ordered that the following claims be dismissed with prejudice: all claims for damages brought against Judge Butts and Judge Gray in their official capacity; all claims brought against Attorneys Linhardt, Martin, and Warner; all claims brought against Janet Smith, Stephanie Smith, Brandon Renner, and Tom Markly; and any claim asserted against non-Federal actors under the Fifth Amendment. *Nottingham v. Butts, et. al.,* No. 4:18-CV-02003 (Doc. 14); (Doc. 20).

warrant to search his residence. *Nottingham v. Butts, et. al.,* No. 4:18-CV-02003 (Doc. 28, at 15-16).

Nottingham alleges a litany of procedural errors leading to his conviction, including a search warrant which lacked probable cause, denial of his opportunity to be involved with pre-trial hearings, searches and seizures conducted without the requisite warrants, removal of DNA evidence during the course of his trials, and ineffective assistance of counsel. Nottingham also alleges a *Brady* violation. *Nottingham v. Butts, et. al.,* No. 4:18-CV-02003 (Doc. 28, at 3-5, 9).

In his habeas corpus petition, Nottingham challenges the legality of certain evidence obtained during his search and seizure. Specifically, Nottingham submits that the state exceeded the scope of its search warrant when it seized several items. Nottingham also raises a sufficiency of the evidence claim, as he alleges no forensic testing took place, the witnesses rendered inconsistent testimony, and a *Brady* violation occurred. Further, Nottingham seeks habeas relief on the grounds of perjury. He also briefly mentions ineffective assistance of counsel. *Nottingham v. Gray, et. al.,* No. 4:18-CV-02002 (Doc. 1, at 6-7, 9, 12, 17). These allegations stem from the same prosecution as that underlying Nottingham's § 1983 claim. *See Nottingham v. Butts, et. al.,* No. 4:18-CV-02003 (Doc. 28, at 3-5, 9, 15-16).

Nottingham's amended complaint is now before the court. For the reasons stated herewith, the Court orders that Nottingham's actions be consolidated into his habeas corpus action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure.[3]

---

[3] Nottingham has an additional § 1983 action before the Court, *Nottingham v. Cooley, et al.,* No. 4:19-CV-0595 (M.D. Pa. *filed* Apr. 5, 2019). This action alleges the use of excessive force during the course of his arrest on July 13, 2015, and presents facts and questions of law which are not presented in either of the actions at hand. Importantly, though it arises from the same incident and arrest, Nottingham's additional action does not question the validity

**II.    DISCUSSION**

    A. NOTTINGHAM'S CLAIMS ARE MORE APPROPRIATELY BROUGHT IN A HABEAS CORPUS PETITION

When deciding whether a § 1983 claim is appropriate, the Court must examine the conduct of which the plaintiff complains. That conduct must not have bearing on the validity of the plaintiff's conviction or sentence. If it does, and a judgment for the plaintiff "would necessarily imply the invalidity of his conviction or sentence," then the Court must dismiss the complaint. The only federal remedy in that case is a writ of habeas corpus.[4] *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). This law holds true when the plaintiff looks to recover *damages* for an alleged unconstitutional conviction or imprisonment. *Heck,* 512 U.S. at 486-87 (emphasis added).The Third Circuit has explained that "where a *pro* se complaint requests habeas relief, a district court generally should construe the complaint as a habeas petition." *Brown v. City of Philadelphia,* 339 Fed. App'x 143, 147 (3d Cir. 2009).

    If Nottingham were to prevail on the allegations in his civil rights complaint – if the search warrant is deemed inadequate, if police are deemed to have exceeded the scope of the search warrant, if the evidence is deemed insufficient, if counsel is found ineffective, if it is determined that a *Brady* violation was committed – it would implicitly invalidate the legitimacy of his conviction. Therefore, Nottingham's § 1983 claim is improper and his only recourse is through his petition for habeas corpus. *See Heck,* 512 U.S. at 487; *Nottingham v. Butts, et. al.,* No. 4:18-CV-02003 (M.D. Pa. Oct. 16, 2018) (Doc. 28, at 3-5, 9).

---

of the prosecutorial investigation, as the instant actions do, and therefore is not barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

    [4] The Court recognizes that a § 1983 claim may be appropriate when the conviction or sentence has already been overturned through direct appeal, executive order, state tribunal, or a writ of habeas corpus. *Heck,* 512 U.S. at 486-87.

B. Nottingham's causes of action call for consolidation

Rule 42(a) of the Federal Rules of Civil Procedure provides:

**(a) Consolidation.** If actions before the court involve a common question of law or fact, the court may:

> **(1)** join for hearing or trial any or all matters at issue in the actions;
> **(2)** consolidate the actions; or
> **(3)** issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a).

"Rule 42(a) . . . confers upon a district court broad power, whether at the request of a party or upon its own initiative, to consolidate [cases] as may facilitate the administration of justice." *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964); *see also* *Smithkline Beecham Corp. v. Geneva Pharm., Inc.*, No. 00-CV-1393, 2001 WL 1249694, at *5 (E.D. Pa. Sept. 26, 2001) ("Consolidation may by ordered on the motion of a party or *sua sponte* and in spite of the parties' opposition." Moreover, consolidation of these actions will avoid unnecessary costs or delay, and will in no way prejudice the parties. *See Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977).[5]

Nottingham's actions contain common questions of law and fact. As detailed *supra*, the causes of action he asserts in his § 1983 claim are duplicative of the causes of action he asserts in his habeas corpus claim. Further, these causes of action result from the same questions of fact: the investigation and prosecution of the events of July 13, 2015. *Nottingham v. Gray, et. al.*, No. 4:18-CV-02002 (Doc. 1, at 6-7, 9, 12, 17, 28-31); *Nottingham v. Butts, et. al.*, No. 4:18-CV-02003 (Doc. 28, at 3-5, 9, 15). Rule 42(a)(2) allows the Court, in the interests of expediency and

---

[5] Consolidation is non-dispositive, and thus the undersigned United States Magistrate Judge has authority to rule on it pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(A). *See Carcaise v. Cemex, Inc.*, 217 F. Supp. 2d 603, 604 n.1 (W.D. Pa. 2002).

efficiency, to consolidate actions which involve a common question of law or fact as Nottingham's actions do. *See* Fed. R. Civ. P. 42(a)(2).

### III. CONCLUSION

Accordingly, for the foregoing reasons, **IT IS HEREBY ORDERED THAT**:

1. The Clerk of Court is directed to **CONSOLIDATE** *Nottingham v. Butts, et al.*, Case No. 4:18-CV-02003 into *Nottingham v. Gray, et al.*, Case No. 4:18-CV-02002, pursuant to Federal Rule of Civil Procedure 42(a).

2. The Clerk of Court is directed to **CLOSE** the case of *Nottingham v. Butts, et al.*, Case No. 4:18-CV-02003.

3. In light of this Order, Petitioner is granted 30 days, or until November 16, 2019, to file an amended petition in accordance with this Order and the Court's Order of April 3, 2019 (Doc. 17). That amended petition should bring any claims for habeas relief Petitioner intended to bring in either 4:18-CV-2002 and 4:18-CV-2003. If Petitioner does not timely file an amended petition, the Court will proceed on the original petition as filed.[6] Petitioner is reminded that the proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also* § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained"); *Rumsfeld v. Padilla*, 542 U.S. 426, 434, 124 S. Ct. 2711, 2717, 159 L. Ed. 2d 513 (2004)[7]

**Dated: October 17, 2019**                                        *s/ Karoline Mehalchick*
                                                                                    **KAROLINE MEHALCHICK**
                                                                                    **United States Magistrate Judge**

---

[6] If Petitioner files an amended petition, the Court will strike Respondents' motion to dismiss as moot, without prejudice to raising those issues in response to any amended petition. If Petitioner does not intend to file an amended petition, he is reminded that his brief in opposition to the pending motion to dismiss must be filed in accordance with the deadlines and limitations set forth in the Local Rules.

[7] To the extent the petition or any amended petition continues to seek relief under § 1983, the district court will "stay the damage action until the habeas claim has been exhausted." *Brown v. City of Philadelphia*, 339 F. App'x 143, 147 (3d Cir. 2009); *Tedford v. Hepting*, 990 F.2d 745, 749 (3d Cir.1993).